COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: Querol Rommel
(Last) (First) (Middle Initial)

Prisoner Number: AT-7315

Institutional Address: Pelican Bay State Prison, B-Yard/5-Blk/111-Cell, P.O. Box 7500, Crescent City, California 95532

FILED
Mar 22 2022
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
EUREKA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Querol Rommel
(Enter your full name.)

vs.

C/O Richards, A. Smith (Lt.), D. Bell (CDW), J. Lacy (Cpt.), T. Lemo (AW), J. Robertson (Warden), Maready (Cook)
(Enter the full name(s) of the defendant(s) in this action.)

Case No. 1:22-cv-1800-RMI
(Provided by the clerk upon filing)

COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

## I. Exhaustion of Administrative Remedies.

*Note: You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement Pelican Bay State Prison

B. Is there a grievance procedure in this institution? YES ☒ NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure? YES ☒ NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

1. Informal appeal: PBSP-A-20-00798 on April 4, 2020 I filed a CDCR Inmate/Parolee 602 Appeal

2. First formal level: Denied at the first level review.

3. Second formal level: Denied at the second level review.

4. Third formal level: Third level response based its decision upon review of the 2nd level response previously issued.

E. Is the last level to which you appealed the highest level of appeal available to you?

YES [x] NO [ ]

F. If you did not present your claim for review through the grievance procedure, explain why.

N/A

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.

Inmate Chaparco, #T-24548 is Plaintiff's witness that he could not write.

B. For each defendant, provide full name, official position and place of employment.

Correctional Officer Richards, supervising official, A. Smith (Lt.), D. Bell (CDW), J. Lacy (Cpt.), T. Lemo (AW), J. Robertson (Warden), Maready (Cook).

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Prison officials have a duty to provide safe working conditions for prisoners, and to take the necessary measures to prevent accidents from happening. When supervising officials report to their assigned position they are to inspect the equipment that inmates will be working with and also the surrounding area for any forseeable risks.

The inmates restroom in A@ dining is not equiped with a doorhandle that inmates can use to close the door when using the restroom. Instead, there is a make-shift handle in place that forces an inmate to swing the door closed. This is the only restroom that inmates have access to during work hours.

Because of this dangerous working condiitor and having to use this make-shift handle; On March 17, 2020, Plaintiff's hand was caught in the closing door, and as a result his finger was cut off. This injury has severely interferred with Plaintiff's performance of daily activities, simple tasks like writing (e.g., Inmate Chaparro, #T-24548 is whom wrote Plaintiff's 602 Appeal), washing myself, shaving, and laundry has been difficult and the awkward stares from people and the constant pain and emotional distress, emotional pain and suffering, and physical pain and suffering. This matter was address via CDCR-22 Form addressed to C/O Richards and through a CDCR 602 Inmate Appeal.

On March 17, 2020, Plaintiff was transported to a hospital, CDCR officials should cover that bill.

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Injuctive declaratory relief; emotional pain and suffering for the amount of $500,000 in damages;

Injuctive declaratory relief to order Defendants to place a proper handle in all inmate restrooms in all of the dining halls; Attorney's fees; and for CDCR-PBSP to cover the ambulance bills.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 3/15/2022 [signature]

*Date* *Signature of Plaintiff*

# INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE QUEROL, AT7315
Current Housing: A 003 2202001L

Date: May 28, 2020

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: PBSP-A-20-00798

ASSIGNED STAFF REVIEWER: AW CS
APPEAL ISSUE: LIVING CONDITIONS
DUE DATE: 07/02/2020

Inmate QUEROL, this acts as a notice to you that your appeal has been sent to the above staff for SECOND level response. If you have any questions, contact the above staff member. If dissatisfied, you have 30 days from the receipt of the response to forward your appeal for THIRD level review. Third level appeals are to be mailed directly to:

Chief of Inmate Appeals
Department of Corrections
P. O. Box 942883
Sacramento, CA 94283-0001

- ☐ K. Royal, Appeals Coordinator
- ☐ S. Williams, IAO OT
- ☒ D. Lunsford, SSA
- ☐ C. Beasley, AC

Appeals Coordinator
PBSP Appeals Office

**INMATE APPEAL ASSIGNMENT NOTICE**

To: INMATE QUEROL, AT7315 Date: April 20, 2020
Current Housing: A 002 1113001L

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: PBSP-A-20-00798

ASSIGNED STAFF REVIEWER: AW/BS
APPEAL ISSUE: LIVING CONDITIONS
DUE DATE: 05/27/2020

Inmate QUEROL, this acts as a notice to you that your appeal has been sent to the above staff for FIRST level response. If you have any questions, contact the above staff member. If dissatisfied, you have 30 days from the receipt of the response to forward your appeal for SECOND level review.

- ■ K. Royal, Appeals Coordinator
- ☐ S. Williams, IAO OT
- ☒ D. Lunsford, SSA
- ☐ B. Chaucer, SCR LT

Appeals Coordinator
PBSP Appeals Office

PELICAN BAY STATE PRISON
UNIT A-3

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: PBSP | Log #: A 20 00798 | Category: C1 |
|---|---|---|---|
| | FOR STAFF USE ONLY | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

A2-113 A3-208

**Appeal is subject to rejection if one row of text per line is exceeded.** **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Querol Rommel | AT-7315 | A3 230 | A2 Dining hall |

**State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):**
Work conditions

**A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):** Prison officials have a duty to provide safe working conditions for prisoners, and to take the necessary measures to prevent accidents from happening. When supervising officials report to their assigned position they are to inspect

**B. Action requested (If you need more space, use Section B of the CDCR 602-A):**
· That a proper door handle be placed on the inmate restrooms in All the dining halls. APR 14 2020
· $500,000 in damages

Pelican Bay State Prison APR 14 2020 Appeals Office
Pelican Bay State Prison MAY 20 20.. Appeals Office
Pelican Bay State Prison JUN 05 2020 Appeals Office

**Supporting Documents: Refer to CCR 3084.3.**
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
Unanswered CDCR 22 Form to c/o Richards
APR 14 2020 APR 14 2020

☐ No, I have not attached any supporting documents. Reason : APR 14 2020

**Inmate/Parolee Signature:** [signature] **Date Submitted:** 4/14/20

☐ **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only** **Staff – Check One: Is CDCR 602-A Attached?** ☒ Yes ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ______ Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter) Date: ______
☒ Accepted at the First Level of Review.
Assigned to: CS Title: AW Date Assigned: 04/30/20 Date Due: 05/27/20

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: April 27, 2020 Interview Location: A2-113

Your appeal issue is: ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other: ______
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: D.L. Spencer (Print Name) Title: Locksmith Signature: [signature] Date completed: April 28, 20
Reviewer: T. Ramos (Print Name) Title: A/W Signature: [signature]
Date received by AC: MAY 07 2020

AC Use Only
Date mailed/delivered to appellant MAY 07 2020

PELICAN BAY STATE PRISON
UNIT A-3

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | PBSP | A-20-00798 | 9 |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Querol Rommel | AT-7315 | A3-230 | A2 Dining hall |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** the equipment that inmates will be working with and also the surrounding area for any forseeable risks.

The inmate restroom in A2 dining is not equiped with a door handle that inmates can use to close the door when using the restroom. Instead there is a make-shift handle in place that forces an inmate to swing the door closed. This is the only restroom that inmates have access to during work hours.

Because of this dangerous working condition and having to use this make-shift handle; on March 17, 2020 my hand was caught in the closing door, and as a result my finger was cut off. This injury has severely interfered with my performance of daily activities. Simple tasks like writing (inmate Chaparro #T24548 is writing this appeal for me) washing myself, shaving and laundry have proved to be difficult. Not to mention the awkward stares from people, and my daily pain and suffering.

I have attempted to address this at the informal level via 22 form to my supervisior c/o Richards, only to have my 22 form go un-answered. APR 1 4 2020

Pelican Bay State Prison
APR 1 4 2020
Appeals Office

Pelican Bay State Prison
MAY 2 0 2020
Appeals Office

STAFF U

**Inmate/Parolee Signature:** [signature] **Date Submitted:** 4/4/20

**B. Continuation of CDCR 602, Section B only (Action requested):** APR 1 4 2020

**Inmate/Parolee Signature:** ______ **Date Submitted:** ______

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR-0602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

The first levels response lacks credible merit. The fact that staff condones a make-shift door handle jepordizes the very safety and security that they are trying to preserve. there are several outward swinging doors with only one entrance/egress in the kitchen that are equiped with inside door handles (Walk-in refrigerator, staff office, storage room/closet and the staff bathroom). Inmates have access to all of these areas, if they in fact

**Inmate/Parolee Signature:** [signature] **Date Submitted:** 5/19/20

**E. Second Level - Staff Use Only**

**Staff – Check One: Is CDCR 602-A Attached?** ☒ Yes ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G. KJ
☒ Rejected (See attached letter for instruction) Date: 6/2/20 Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: ~~ES~~ CS Title: ~~AW~~ AW Date Assigned: ~~5/28/20~~ 06/11/20 Date Due: ~~7/24/20~~ 07/17/20

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: FLR 4/27/2020 Interview Location: FLR. Cell Front

Your appeal issue is: ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other: ______

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: A. Smith (Print Name) Title: LT Signature: [signature] Date completed: 6/23/2020

Reviewer: Bell (Print Name) Title: CDW Signature: [signature]

Date received by AC: JUL 10 2020

AC Use Only
Date mailed/delivered to appellant JUL 10 2020

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Both FLR's and SLR's admission that a make-shift door handle is not proper and is altering the function of the door, is evidence that officials condone and continue to allow unsafe working conditions. Because of these unsafe conditions and staff's negligence I lost a finger, and future injuries are sure to follow if this is not fixed. An immediate and simple solution is available, yet officials do not want to cooperate.

**Inmate/Parolee Signature:** ______ **Date Submitted:** ______

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: ______ Date: ______ Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter) Date: ______
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: ______

See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant ___/___/___

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

______ Inmate/Parolee Signature: ______ Date: ______

Print Staff Name: ______ Title: ______ Signature: ______ Date: ______

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**

CDCR-0602-A (REV. 03/12)

Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** wanted to barricade themselves in. this shows that a door handle can and should be placed on the inmate bathroom door to prevent future incidents.

Inmate/Parolee Signature: [signature] Date Submitted: 5/19/20

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):**

Inmate/Parolee Signature: ______ Date Submitted: ______

 

# FIRST LEVEL APPEAL RESPONSE

**RE:** PELICAN BAY STATE PRISON (PBSP)
Appeal Log Number PBSP-A-20-00798
First Level Reviewer's Response

**INMATE NAME:** QUEROL, AT7315

**APPEAL DECISION: DENIED**

**APPEAL ISSUE:** WORK CONDITIONS

In section A of the appeal, you allege Prison Officials have a duty to provide safe working conditions for prisoners and to take the necessary measures to prevent accidents from happening. When supervising officials report to their assigned position, they are to inspect the equipment inmates will be working with and also the surrounding area for seeable risk. The inmate restroom in A2 is not equipped with a door handle inmates can use to close the door when they use the restroom; instead, there is a makeshift handle in place which forces an inmate to swing the door closed. This is the only restroom the inmates have to access during work hours.

It is alleged because of the dangerous working condition and having to use the makeshift handle, you on March 17, 2020, caught your hand in the closing door resulting in your finger being cut off. You allege this injury has severely interfered with your performance of daily activities such as writing, shaving, and laundry. In addition, you allege there is awkward stares from people and you suffer daily pain and suffering.

**EFFECTIVE COMMUNICATION:**

The interview for this appeal was completed on April 27, 2020, at the Fist Level Review. A review of the Disability and Effective Communications System reflects a Test of Adult Basic Education score of 10.9. During the interview you were articulate in describing your understanding of the appeal. D. Spiering, Locksmith, utiiized simple English, spoken slowly and clearly. You reiterated in your own words what was explained, provided appropriate responses to questions asked and asked appropriate questions regarding the information provided. Effective Communication was established and was not an issue. The attached Appeals Effective Communication form contains information relative to accommodations that may have been utilized to ensure effective communication.

**ACTION REQUESTED:**

You are requesting a proper door handle be installed on inmate restrooms in all dining halls. You are also requesting $500,000 in damages.

**FINDINGS:**

During the interview you expressed not having a handle is a safety danger to you. You had asked if it is proper to tie a trash bag on the outside to use as a handle. It was explained that tying a trash bag on

the outside handle was not proper and altering the function of the door. It was also explained for the Safety and Security of all staff and inmates in the institution, a door handle would not be installed. This door in all dining rooms is an outward swinging door with only one entrance/egress. When a prison is built, there are no handles placed on the inside of outward swinging doors with only one entrance/egress. This is due to staff and inmate safety. Placing a handle on the inside of an outward swinging door that has one entrance, places staff and inmate lives and safety in jeopardy. A handle placed on the inside of an outward swinging door would allow someone to tie the door closed or place something through the handle barricading the door from the inside closed position and thereby rendering the door inoperative in an emergency situation.

The following section of the California Code of Regulations (CCR) was utilized for this appeal:

- CCR, Title 15, Section 3270

**DETERMINATION OF ISSUE:**

Your request for a door handle to be installed on inmate restrooms, in all dining halls, is **DENIED.**

Monetary compensation is outside the scope of the First Level Review; therefore, your request for monetary compensation of $500,000, is **DENIED**.

Based on the above information, your request is **DENIED** at the First Level Review.

5/1/2020

J. LACY Date
Captain (Adult Institution)
Central Services

5-1-2020

T. LEMOS Date
Associate Warden
Central Services

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

---

RE: Screening at the SECOND Level

*Tuesday, June 2, 2020*

*QUEROL, AT7315*
*A 003 2202001L*

LIVING CONDITIONS, Safety and Sanitation, 05/20/2020
Log Number: PBSP-A-20-00798
**(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)**

The enclosed documents are being returned to you for the following reasons:

***Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:***

***You will need to attached all related documents to include all original documents from the First Level Review.***

☐ K. Royal, Appeals Coordinator
☐ S. Williams, IAO OT
☐ D. Lunsford, SSA
☐ C. Beasley, AC
Appeals Coordinator
PBSP Appeals Office

Pelican Bay State Prison
JUN 05 2020
Appeals Office

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.

I have attached the necessary documents

---

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

**NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED**

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

**APPEALS EFFECTIVE COMMUNICATION CON.**

| INMATE NAME | CDCR NUMBER | HOUSING | APPEAL LOG# |
|---|---|---|---|
| Querol | AT 7315 | A2-113 | PBSP-A-20-0 |

**A. DOES THE INMATE HAVE DISABILITIES OR COMMUNICATION ISSUES?**

1. ☒ Reads and comprehends without assistance (asked inmate or confirmed by past records).
2. ☒ No disabilities or effective communication needs found after review of DECS & TABE/Learning Disability lists.

***STOP! IF ITEMS #1 AND #2 ARE BOTH CHECKED, GO TO SECTION B. SIGN AND DATE.***

3. ☐ Identified with a disability or effective communication need **(check all that apply):**

☐ TABE 4.0 or lower, or no score
☐ Requires reading/comprehension assistance
☐ Foreign language speaking
☐ Hearing
☐ Vision
☐ Speech
☐ Learning disability
☐ Developmental disability
☐ EOP
☐ CCCMS

**B. APPEAL INTERVIEW**

**1. How was assistance provided? Check all that apply.**

☒ Simple English spoken slowly & clearly
☐ Read documents to inmate
☐ Inmate was wearing hearing aid(s)
☐ Written notes used (notes attached)
☐ Other:
☐ Inmate stated no need for EC assistance
☐ Used text magnifier
☐ Sign language interpreter used; Name:
☐ Language interpreter used; Name:
☐ Large print material used
☐ Lip reading

**2. How was effective communication achieved? Check all that apply.**

☒ Inmate reiterated in his own words, what was explained.
☒ Inmate provided appropriate, substantive responses to questions asked.
☒ Inmate asked appropriate questions regarding the information provided.
☐ Inmate did not appear to understand the communication, even though the primary method of communication was used.
☐ Other:

| D. L. Spiering, Locksmith I | [signature] | 4-27-20 |
|---|---|---|
| **Printed Name & Title** | **Signature** | **Date** |

***STOP! DO NOT FILL OUT SECTION C OR D UNLESS PROVIDING ASSISTANCE WITH COMPLETED RESPONSE AS DIRECTED BY THE APPEALS OFFICE***

**C. APPEAL RESPONSE - FIRST LEVEL**

**1. How was assistance provided?**

☐ Effective communication assistance was provided as identified in Section B, #1 of this form.

**2. How was effective communication achieved?**

☐ Effective communication assistance was provided as identified in Section B, #2 of this form.

Additional Comments:

| | | |
|---|---|---|
| **Printed Name & Title** | **Signature** | **Date** |

**D. APPEAL RESPONSE - SECOND LEVEL**

**1. How was assistance provided?**

☐ Effective communication assistance was provided as identified in Section B, #1 of this form.

**2. How was effective communication achieved?**

☐ Effective communication assistance was provided as identified in Section B, #2 of this form.

Additional Comments:

| | | |
|---|---|---|
| **Printed Name & Title** | **Signature** | **Date** |



**PELICAN BAY STATE PRISON**
**SECOND LEVEL REVIEW**

DATE: JUL 10 2020

Inmate QUEROL, AT7315
Pelican Bay State Prison
Facility A, Unit 3, Cell 202L

RE: WARDEN'S LEVEL DECISION
APPEAL LOG NO: PBSP-A-20-00798

APPEAL: **DENIED**
ISSUE: LIVING CONDITIONS

This matter was reviewed by Jim Robertson, Warden, at Pelican Bay State Prison (PBSP). On April 27, 2020, D. Spiering, Locksmith, reviewed the appeal at the First Level Review (FLR). All submitted documentation and supporting arguments have been considered.

ISSUE

The Appellant claims Prison Officials have a duty to provide safe working conditions for inmates and to take the necessary measures to prevent accidents from happening. When supervising officials report to their assigned position, they are to inspect the equipment inmates will be working with and the surrounding area for seeable risk. The inmate restroom in Facility A-2 dining is not equipped with a door handle inmates can use to close the door when they use the restroom; instead, there is a makeshift handle in place which forces an inmate to swing the door closed. This is the only restroom the inmates have to access during work hours.

It is alleged because of the dangerous working condition and having to use the makeshift handle, the Appellant, on March 17, 2020, caught his hand in the closing door resulting in his finger being cut off. The Appellant alleges this injury has severely interfered with his performance of daily activities such as writing, shaving, and laundry. In addition, the Appellant alleges there is awkward stares from people and he suffers daily pain and suffering.

The Appellant requests a proper door handle be installed on inmate restrooms in all dining halls. The Appellant is also requesting $500,000 in damages.

EFFECTIVE COMMUNICATION

The Appellant has not been identified with a disability or effective communication need. The Appellant has a Reading Grade Point Level of 10.9. The Appellant is not a participant in the Mental Health Services Delivery System. The attached Appeals Effective Communication Confirmation Form contains information relative to accommodations that may have been utilized to ensure effective communication following a review of the Disability Effective Communication System.

FINDINGS

I

On April 27, 2020, the FLR reviewed the appeal and all relevant documentation. During the interview, the Appellant expressed not having a handle is a safety danger to him. The FLR explained tying a trash bag on the outside handle was not proper and altering the function of the door. It was also explained for the safety and security of all staff and inmates in the institution, a door handle would not be installed. This door in all dining rooms is an outward swinging door with only one entrance/egress. When a prison is built, there are no handles placed on the inside of outward swinging doors with only one entrance/egress; this is due to staff and inmate safety. Placing a handle on the inside of an outward swinging door, which has one entrance, places staff and inmate lives and safety in jeopardy. A handle placed on the inside of an outward swinging door would allow someone to tie the door closed or place something through the handle barricading the door from the inside closed position and thereby rendering the door inoperative in an emergency situation.

The FLR acted to deny the appeal at the FLR. The Appellant's request for a door handle to be installed on inmate restrooms, in all dining halls, was denied. The request for monetary compensation was denied.

II

The Appellant was dissatisfied with the FLR, stating it lacks credible merit. The Appellant states the fact staff condones the makeshift plastic bag door handle jeopardizes the safety and security trying to be preserved. The Appellant claims there are several outward swinging doors with inside door handles within the dining facility.

The Second Level Review (SLR) evaluated all submitted supporting documents. The CDCR Construction and Standardization Design was contacted in regards the inmate restroom doors not having a door handle. It was reported the inmate restroom doors were designed without a handle based upon safety and security. The SLR inspected the inmate restroom doors in all PBSP dining facilities. Every door examined was the same with no provisions to secure the door from within. For safety and security purposes there were no door handles placed on the inside of inmate

restrooms. Any use of an item secured to the exterior handle of the door to pull closed from the inside is manipulation of its intended use. Any use of an exterior door handle manipulation device is not condoned and the user assumes the risk.

Monetary compensation is outside the scope of the appeal process.
The following section of the California Code of Regulations (CCR), Title 15, was utilized for this appeal:

- CCR, Title 15, Section 3270, Security

DETERMINATION OF ISSUE

A thorough review of this matter was conducted at the FLR and SLR. The Appellant's request for a door handle to be installed on inmate restrooms, in all dining halls is **DENIED**. The Appellant's request for monetary compensation is outside the scope of the appeal process; therefore, the request for monetary compensation of $500,000, is **DENIED**.

This appeal is **DENIED** at the SLR.

MODIFICATION ORDER

No modification of this decision or action taken is required.

JIM ROBERTSON
Warden

ATS Date: 6/23/2020

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**

CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM ___ TO ___ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL: ADDRESSED TO: ________ DATE MAILED: ___/___/___

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

Pelican Bay State Prison
APR 14 2020
Appeals Office

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, Querol Rommel, declare:

I am over 18 years of age and a party to this action. I am a resident of California, Pelican Bay State Prison Prison,

in the county of Del Norte, Crescent City,

State of California. My prison address is: B-Yard/5-Blk/111-Cell, P.O. Box 7500, Crescent City, California 95532.

On March 15, 2022,
(DATE)

I served the attached: Complaint under the Civil Rights Act, 42 U.S.C. §1983

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

U.S. District Court
Northern District of California
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, CA 94102-3483

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 3/15/2022
(DATE)

[signature]
(DECLARANT'S SIGNATURE)