UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMMEL QUEROL,<br>   Plaintiff,<br> v.<br>RICHARDS, et al.,<br>   Defendants. | Case No. 22-cv-01800-JD<br><br>**ORDER RE DISMISSAL** |

  Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and plaintiff filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

  Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that unsafe working conditions led to his finger being severed.  A single defective condition -- for example, a slippery floor, leaking roof, or broken oven -- by itself, without additional conditions contributing to a threat to an inmate's safety, does not create a sufficient and serious condition to implicate the Eighth Amendment.  *See Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996).  Claims about slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *see also McLaughlin v. Farries*, No. 03-60771, 2004 WL 2030365 (5th Cir. Sept. 13, 2004) (per curiam) (unpublished) (concluding that a prisoner's slip and fall on water accumulated from a leaky air conditioning unit, which defendants knew about and failed to clean up, spoke to negligence, but not deliberate indifference); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (concluding that although a prisoner sustained an injury from slippery water accumulated on the shower floor, which the prisoner had complained about two months before, "slippery floors constitute a daily risk faced by members of the public at large" and is not a risk of constitutional dimension); *Wallace v. Haythorne*, No. 06-1697 MCE GGH P, 2007 WL 3010755, at *2-*4 (E.D. Cal. Oct. 15, 2007) (no Eighth Amendment violation when a prisoner fell after his

2

foot slipped into a hole in the floor caused by a missing tile, even if defendants knew that a non-prisoner employee previously tripped on one of the holes), *aff'd,* No. 07-17364, 2009 WL 2015051 (9th Cir. July 2, 2009) (unpublished ).

To state a cognizable claim for relief, there must be a confluence of conditions such that the flooded cell posed a serious, unavoidable threat to plaintiff's safety, and defendants knew of this substantial risk. *See Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions); *Osolinski*, 92 F.3d at 938 (a single, minor safety hazard does not violate the Eighth Amendment, but allegations of conditions which "exacerbate[ ] the inherent dangerousness of already-existing hazards," or "render[] [an inmate] unable to provide for his own safety," are sufficient to state a cognizable claim for relief (internal quotations, brackets, and citation omitted)).

Plaintiff states that the inmate restroom in the dining area is not equipped with a doorhandle. This is to prevent inmates from barricading themselves inside. Instead, there is a makeshift handle that forces an inmate to swing the door closed. This is the only bathroom inmates can access during work hours in this area. Plaintiff states that on March 17, 2020, his hand was caught in the closing door and his finger was cut off. Plaintiff alleges that prison officials failed to take the necessary measures to prevent accidents from happening.

The original complaint was dismissed with leave to amend to provide more information to demonstrate a confluence of conditions showing that the door was an unavoidable threat to plaintiff's safety and that defendants knew of this substantial risk. Plaintiff's amended complaint contains the same allegations of the original complaint. Plaintiff's allegations while unfortunate, only present a single minor safety hazard that does not violate the Eighth Amendment. Plaintiff fails to describe a condition that exacerbated the inherent dangerousness of an already existing hazard that prevented him from providing for his own safety. *See Osolinski*, 92 F.3d at 938. Plaintiff may present this claim in state court.

**CONCLUSION**

1. The complaint is **DISMISSED** for failure to state a claim.

2. The Clerk is requested to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 11, 2022

JAMES DONATO
United States District Judge